ROBERT H. WHITE AND JUDY K. WHITE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
White v. Commissioner
Docket No. 16976-88
United States Tax Court
T.C. Memo 1990-439; 1990 Tax Ct. Memo LEXIS 456; 60 T.C.M. (CCH) 538; T.C.M. (RIA) 90439; August 15, 1990, Filed *456 Decision will be entered for the respondent. John N. Moore, for the petitioners. Dawn M. Krause, for the respondent. PAJAK, Special Trial Judge. PAJAK
MEMORANDUM OPINION
*458 This case was heard pursuant to section 7443A(b) and Rule 180 et seq. (All section numbers refer to the Internal Revenue Code for the taxable year in issue. All rule numbers refer to the Tax Court Rules of Practice and Procedure.) Respondent determined a deficiency in petitioners' 1984 Federal income tax of $ 1,378.00 and additions to tax under section 6653(a)(1) of $ 68.90 and under section 6653(a)(2) of 50 percent of the interest due on the underpayment of tax due to negligence of $ 1,378.00. Respondent also determined that the entire underpayment of tax is attributable to tax-motivated transactions and is subject to the increased rate of interest under section 6621(c). This Court must decide whether for 1984 petitioners are (1) entitled to a loss of $ 4,891.00 attributable to a partnership, (2) liable for the additions to tax under sections 6653(a)(1) and (a)(2), and (3) liable for the increased rate of interest under section 6621(c). To the extent stipulated, the facts are so found. Petitioners resided in Burton, Ohio, when they filed their petition. For convenience, we have combined the findings of fact and opinion. In 1984, David Hostelley was involved with a number *459 of entities. He formed Structured Capital Concepts Corporation (SCCC) in 1984, to manage partnerships. Hostelley also promoted Real Estate Project Managers (REPM), ostensibly as a partnership of five other people, to research and advise others about real estate projects for possible investment. (See section 6231(a)(1)(B), which provides an exception for small partnerships to the so-called TEFRA partnership procedures of subchapter C of chapter 63 of the Code.) SCCC would charge REPM for real estate research that Hostelley did or had done, including estimated future expenses. Then REPM, on the accrual basis, would write off the expenses without ever paying SCCC in full. A partnership return for REPM was never filed for 1984. For 1984, REPM had no income and its only alleged expense was $ 100,270.00 for management fees allegedly incurred by REPM for services rendered it by SCCC. At best, REPM ultimately paid SCCC only a small percentage of the $ 100,270.00. At the most, SCCC, Hostelley, or one of his entities received $ 20,500.00 from REPM investors. (The term "invest" and its variations are used merely for convenience.) On June 3, 1985, petitioner Robert H. White (petitioner), *460 a close friend of Hostelley, paid $ 1,000.00 by check to a Client Trust Fund to invest in REPM. Petitioner never investigated or participated in REPM. Petitioners claimed $ 4,891.00 as an REPM loss in 1984. Respondent disallowed the loss and determined additions to tax under sections 6653(a)(1) and (a)(2) and additional interest under section 6621(c). Section 183(a) states the general rule that if an individual engages in an activity and "if such activity is not engaged in for profit, no deduction attributable to such activity shall be allowed under this chapter except as provided in this section." Section 183(c) defines an activity not engaged in for profit as "any activity other than one with respect to which deductions are allowable for the taxable year under" sections 162 or 212(1) or (2). The test to determine whether an activity is engaged in for profit is whether the individual engaged in the activity with the "actual and honest objective of making a profit." Dreicer v. Commissioner, 78 T.C. 642, 645 (1982), affd. without published opinion 702 F.2d 1205 (D.C. Cir. 1983). Whether the taxpayer had such an objective must be determined by reference *461 to all surrounding facts and circumstances, and greater weight is given to such facts than to the taxpayer's statement of intent. Dreicer v. Commissioner, supra.The regulations set forth various facts to consider. Sec. 1.183-2(b), Income Tax Regs.
Petitioner argued that he executed a promissory note for his REPM investment in November 1984. Petitioner produced two notes as evidence. One note dated November 1, 1984, was for $ 4,000.00 payable on demand by petitioner to REPM. This note was marked "cancelled 4-3-85" and bears Hostelley's initials. The other note, also dated November 1, 1984, was for $ 1,000.00 payable on April 30, 1985, by petitioner to REPM. Petitioner admitted at trial that this second note was actually executed by him on April 3, 1985, and backdated to November 1, 1984. On April 3, 1985, petitioners' 1984 return was prepared by Hostelley's son, Gregory Hostelley, and executed by petitioners. There is conflicting testimony as to the $ 4,000.00 note. Petitioner said that he did not understand the $ 4,000.00 note, that Hostelley just said sign it, and that he did so. Then Hostelley cancelled the note. The date of cancellation was April 3, 1985. *462 Subsequently, petitioner testified that the $ 4,000.00 note was what Hostelley originally talked about but that petitioner only intended to invest $ 1,000.00. Hostelley gave two contradictory explanations for the $ 4,000.00 note. First, he said that he cancelled the $ 4,000.00 note (June 1, 1985) after petitioner paid $ 1,000.00 (June 3, 1985) and promised to pay $ 3,000.00 at the end of 1985 (without a note to evidence that fact). He later testified that petitioner wanted to pay his investment in installments. Hostelley claimed he prepared two separate notes on November 1, 1984, for petitioner to sign. Obviously, since petitioner admitted that the $ 1,000.00 note was backdated to November 1, 1984, Hostelley never prepared two notes on November 1, 1984. On this record, we are not satisfied that petitioner met his burden of proving that he executed any note on November 1, 1984. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a). REPM had no partnership agreement, books, records, or any other documents or reports outlining its activities. Although Hostelley claimed he researched projects in 1984 for REPM, there was no written documentation to support his *463 claims. As indicated above, we do not find his testimony credible. Petitioners did not prove REPM engaged in any business activity in 1984. REPM had no income in 1984 and 1985. Based on the lack of evidence of a viable business, we find that REPM was not an activity engaged in for profit in 1984. Aside from the $ 1,000.00 note backdated on April 3, 1985, petitioner's only credible connection with REPM was the $ 1,000.00 payment on June 3, 1985, and the $ 4,891.00 partnership loss claimed on his 1984 return. We can only conclude that petitioner invested in REPM solely for tax reasons. Based on our findings that REPM was not an activity engaged in for profit in 1984 and that petitioner did not invest in REPM until 1985, petitioners are not entitled to claim a partnership loss in 1984. Respondent also determined additions to tax under sections 6653(a)(1) and (a)(2). Section 6653(a)(1) provides for an addition to tax in the amount of 5 percent of the underpayment of tax if any part of the underpayment is due to negligence or intentional disregard of rules and regulations. Section 6653(a)(2) provides for a further addition to tax in an amount equal to 50 percent of the interest *464 payable on the portion of the underpayment attributable to negligence or intentional disregard of rules and regulations. Petitioners have the burden of proof. Axelrod v. Commissioner, 56 T.C. 248, 258 (1971). Under section 6653, negligence is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioner's actions were neither reasonable nor prudent and cannot be excused by his claim that he trusted his friend Hostelley. Petitioner intentionally deducted a loss on his 1984 return for an investment in REPM which he did not make until 1985. We uphold respondent's determinations on these additions to tax. Respondent also determined that petitioners are liable for the increased rate of interest imposed by section 6621(c) (formerly section 6621(d)). Section 6621(c) provides for an increase in the rate of interest accruing after December 31, 1984, to 120 percent of the otherwise applicable rate with respect to a substantial underpayment (an underpayment in excess of $ 1,000.00) attributable to tax motivated transactions. The increased *465 rate applies to interest accruing after December 31, 1984. DeMartino v. Commissioner, 88 T.C. 583, 589 (1987), affd. 862 F.2d 400 (2d Cir. 1988), affd. without published opinion sub nom. McDonnell v. Commissioner and Appeal of McDonnell, 862 F.2d 308 (3rd Cir. 1988). As this Court stated in Charlton v. Commissioner, T.C. Memo. 1990-402: The phrase "tax motivated transactions" includes sham transactions entered into primarily for tax benefits. Sec. 6621(c)(3)(A)(v). Also included are deductions disallowed under section 183, relating to activities or transactions not engaged in for profit. Sec. 301.6621-2T, A-4, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 50392 (Dec. 28, 1984).
Accordingly, because of the grounds for our findings which result in an underpayment in excess of $ 1,000.00, respondent is entitled to additional interest under section 6621(c). Decision will be entered for the respondent.